## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RAYMOND BECK,                          Case No. 1:14-cv-786
    Petitioner,

                                                          Beckwith, J.
    vs.                                Litkovitz, M.J.

WARDEN, CHILLICOTHE                    **REPORT AND**
CORRECTIONAL INSTITUTION,[1]           **RECOMMENDATION**
    Respondent.

        Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed

a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before

the Court on the petition, respondent's return of writ, and petitioner's reply.  (Docs. 1, 9, 10).

## I.    PROCEDURAL HISTORY

### State Trial Proceedings

        On February 19, 2013, the Hamilton County, Ohio grand jury returned a thirty two-count

indictment charging petitioner with fourteen counts of burglary, pursuant to Ohio Rev. Code §

2911.12(A)(2); eight counts of theft, pursuant to Ohio Rev. Code § 2913.02(A)(1); four counts of

tampering with coin machines, pursuant to Ohio Rev. Code § 2911.32(A); five counts of

vandalism, pursuant to Ohio Rev. Code § 2909.05(B)(1)(b); and one count of receiving stolen

property, pursuant to Ohio Rev. Code § 2913.51.  (Doc. 8, Ex. 2).

        On August 2, 2013, after initially entering a plea of not guilty to the charges in the

indictment, petitioner withdrew his not-guilty plea and pled guilty to ten counts of burglary.

(Doc. 8, Ex. 3).  On August 12, 2013, the trial court accepted petitioner's guilty plea, found

---

[1] Petitioner submitted a notice of change of address indicating that he has moved to the Chillicothe Correctional Institution.  (Doc. 12).  Accordingly, the Chillicothe Correctional Institution warden is the appropriate respondent in this matter.

petitioner guilty of the burglary charges, and sentenced petitioner to a total aggregate prison

sentence of ten years in the Ohio Department of Rehabilitation and Corrections. (Doc. 8, Ex. 1).

### Direct Appeal

On November 5, 2013, petitioner filed an untimely pro se notice of appeal and motion for

leave to file a delayed appeal. (Doc. 8, Ex. 5, 6). Petitioner argued that his failure to file a

timely appeal was due to the trial court's alleged failure to advise him of his right to appeal. The

Ohio Court of Appeals denied petitioner's motion on November 26, 2013, noting that "the

appellant has failed to provide sufficient reasons for failure to perfect an appeal as of right."

(Doc. 8, Ex. 8).

### Ohio Supreme Court

On December 16, 2013, petitioner filed a pro se notice of appeal to the Ohio Supreme

Court. (Doc. 8, Ex. 9). In his memorandum in support of jurisdiction, petitioner raised the

following two propositions of law:

1. Whether the trial court erred to the prejudice of appellant when it failed to advise him at the sentencing hearing of his appeal rights under Crim. R. 32(b)

2. When an Appellant provides good reasoning for his failure to perfect an appeal as of right, Appellate Court abuses its discretion in denying a request for leave to file a delayed appeal which results in a miscarriage of justice

(Doc. 8, Ex. 10). The Ohio Supreme Court declined to accept jurisdiction over the appeal on

March 26, 2014. (Doc. 8, Ex. 11).

### Federal Habeas Corpus

Petitioner filed the instant federal habeas corpus action on February 2, 2015. (Doc. 9).

Petitioner raises the following four grounds for relief in the petition:

**GROUND ONE**: Whether the trial court erred to the prejudice of Appellant when it failed to advise him at the sentencing hearing of his appeal rights under Crim. R. 32(b).

***Supporting Facts***:  Trial court violated Appellant's Due Process rights when it failed to inform him of his rights to appeal his convictions and/or sentence.

**GROUND TWO**: When an Appellant provides good reasoning for his failure to perfect an appeal as of right, Appellate court abuses it[s] discretion in denying a request for leave to file a delayed appeal which results in a miscarriage of justice.

***Supporting Facts***:  Trial court violated Appellant's due process rights when it fail[ed] to advise him of his appellate rights.  Furthermore, trial court failed to merge certain counts, jeopardy attached, thus when more than one constitutional error is violated a request for a delayed appeal should be granted.  It was not here.

**GROUND THREE**:  The trial court violated the petitioner's Const., Due Process, Equal Protection & Due Process Rights – when it did not merge allied offenses of the same act & animus.

***Supporting Facts***:  The trial court violated petitioner's Due Process, Equal Prot. And Constitutional Rights – when it failed to merge allied offenses – (Double Jeopardy) – and imposed consecutive prison terms.

**GROUND FOUR:**  Ohio's courts have violated petitioner's Due Process, Equal Protection & Benefit & Constitutional Rights by denying him meaningful review and fair access to the state courts.

***Supporting Facts***:  Trial court failed to advise of rights to appeal - being only 42 days late First Dist. Ct. of Appeals failed – denied delay[ed] appeal or direct appeal (note no counsel, 6th Amendment Right) – Ohio Sup. Ct – Denied Jurisdiction.

(Doc. 1).

Respondent has filed a return of writ in opposition to the petition.  (Doc. 9).  According to respondent, petitioner's grounds for relief are without merit or procedurally defaulted and waived.

## II.    THE PETITION SHOULD BE DENIED

Under § 2254(d), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States

3

Supreme Court; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 599-600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600. As the Sixth Circuit explained in *Otte:*

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* [563] U.S. [170], 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* [562] U.S. [86, 98-99], 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court has further held that when a state court rules

against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, __ U.S. __, 133 S.Ct. 1088, 1091 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 562 U.S. at 102. In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, __ U.S. __, 132 S.Ct. 38, 44-45 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412); *see also White v. Woodall*, __ U.S. __, 134 S.Ct. 1697, 1702 (2014) (quoting *Howes*

5

*v. Fields*, __ U.S. __, 132 S.Ct. 1181, 1187 (2012) (internal citation and quotation marks omitted))

("'[C]learly established Federal law' for purposes of § 2254(d)(1) includes 'only the holdings, as

opposed to the dicta, of this Court's decisions.'"). Decisions by lower courts are relevant only

"to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to

determine whether a legal principle or right had been clearly established by the Supreme Court."

*Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

**A. Grounds One, Two, and Four are without merit.**

In Ground One, petitioner contends that the trial court violated his constitutional rights by

failing to advise him of his right to appeal his convictions and/or sentence. In Ground Two,

petitioner contends that the Ohio Court of Appeals abused its discretion in denying his delayed

appeal. Petitioner argues that he provided good cause for the late appeal based on the trial

court's alleged failure to inform him of his right to appeal, as alleged in Ground One of the

petition. In Ground Four, petitioner argues that he was denied meaningful review and fair access

to the Ohio courts based on the denial of his delayed appeal in the Ohio Court of Appeals and the

Ohio Supreme Court's subsequent denial of jurisdiction. Petitioner contends that failure to

consider his appeals resulted in a violation of his due process and equal protection rights.

Ground One is without merit, as the record belies petitioner's claim that he was not

advised of his right to appeal. Prior to entering his guilty plea, petitioner signed a guilty

plea/agreed sentence form. (Doc. 8, Ex. 3). Therein, petitioner acknowledged that any appeal

must be filed within thirty days of the sentence:

> I understand that my plea of guilty is a complete admission of my guilt of the
> charge(s) against me. I know the judge may either sentence me today or refer my
> case for a presentence report. I understand my right to appeal a maximum
> sentence; my other limited appeal rights, and that any appeal must be filed within
> 30 days of my sentence.

6

(Doc. 8, Ex. 3 at PageID 58).  At sentencing petitioner affirmed that he understood the form and

signed it of his own free will.  (*Id.* at PageID 116–17).  In addition to advising petitioner of the

constitutional rights forfeited by virtue of a guilty plea (*See* Doc. 8-2, Sentencing Trans. at

PageID 111–14), the trial court judge verbally advised petitioner of his right to appeal his

conviction and/or sentence:

> Let me give you your appeal rights.  You have a right to an appeal, and have a
> timely appeal notice filed on your behalf.  If you're unable to obtain counsel for
> an appeal, counsel will be provided without costs.  If you're unable to pay the
> costs of documents necessary to an appeal, the documents will be provided
> without costs.

(*Id.* at PageID 127).  Because the record demonstrates that petitioner was in fact advised of his

right to appeal, his claim that the trial court violated his constitutional rights by not advising him

of his right to appeal is without merit.  Accordingly, petitioner is not entitled to habeas relief

based upon Ground One of the petition.

Grounds Two and Four are also without merit to the extent that petitioner bases these

grounds for relief on his claim that he was not advised of his right to appeal.  Furthermore,

insofar as petitioner contends that he is entitled to habeas relief on these claims because the Ohio

courts violated Ohio law, he fails to state cognizable ground for federal habeas relief.  The Ohio

Court of Appeals denied petitioner's delayed appeal pursuant to Ohio R. App. P. 5(A).  The Ohio

Supreme Court declined to accept jurisdiction of petitioner's appeal pursuant to the Ohio

Supreme Court Rules of Practice Rule 7.08(B)(4).  To the extent that petitioner claims the state

courts erred in applying these provisions of state law, he fails to state a cognizable ground for

federal habeas corpus relief.  In this federal habeas case, the Court has jurisdiction to review

petitioner's claims only to the extent that petitioner challenges his confinement based on an

alleged violation of the Constitution, laws or treaties of the United States, and not "on the basis

of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984);

*see also Wilson v. Corcoran,* 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-

68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on

state-law questions").

     For the above stated reasons, petitioner is not entitled to habeas relief based upon

Grounds One, Two, and Four of the petition.

### B. Ground Three is Procedurally Defaulted and Waived.

     In Ground Three of the petition, petitioner argues that the trial court violated his

constitutional rights by failing to merge allied offenses of similar import.

     In recognition of the equal obligation of the state courts to protect the constitutional rights

of criminal defendants, and in order to prevent needless friction between the state and federal

courts, a state defendant with federal constitutional claims must fairly present those claims to the

state courts for consideration before raising them in a federal habeas corpus action. *See* 28

U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard*

*v. Connor,* 404 U.S. 270, 275–76 (1971). A constitutional claim for relief must be presented to

the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v.*

*Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990);

*Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985). If the petitioner fails to fairly

present his constitutional claims through the requisite levels of state appellate review to the

state's highest court, or commits some other procedural default that prevents a merit-based

review of the federal claims by the state's highest court, he may have waived the claims for

purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847–48; *Harris v. Reed,* 489 U.S.

255, 260–62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v.*

*Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260–62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167–69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). In those cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803–04 (1991). Moreover, in *Harris,* the Supreme Court explained that the rule requiring that the

state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris . . .* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The Court stated: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423–24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether

10

>the state procedural forfeiture is an "adequate and independent" state ground on
>which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407,

417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666,

669 (6th Cir. 2012).  Under *Maupin* and as discussed above, if the three prerequisites are met for

finding a claim is procedurally defaulted under the adequate and independent state ground

doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner

can demonstrate cause for and prejudice from his procedural default or that failure to consider

the defaulted claim will result in a "fundamental miscarriage of justice."  *Hoffner*, 622 F.3d at

495 (citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669.  *See also Coleman*, 501

U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v.*

*Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner's grounds for relief, including Ground Three, are all procedurally

defaulted and waived.  Petitioner procedurally defaulted his claims when he failed to file a timely

direct appeal with the Ohio Court of Appeals.  The Ohio Court of Appeals denied petitioner's

motion for delayed appeal on the ground that petitioner had "failed to provide sufficient reasons

for failure to perfect an appeal as of right." (Doc. 8, Ex. 8 at PageID 77).  Under Ohio law, to

succeed on a motion for delayed appeal brought pursuant Ohio R. App. P. 5(A), the defendant

"must demonstrate cause for both the delay itself, and the length of the delay." *See Stone v.*

*Moore,* 644 F.3d 342, 346 (6th Cir. 2011) (and Ohio Court of Appeals' cases cited therein).  In

*Stone,* 644 F.3d at 347, the Sixth Circuit held that although Rule 5(A) is a discretionary rule, the

state appellate courts' enforcement of the rule's "cause" requirement in denying delayed appeal

motions constitutes an adequate and independent state ground for the state courts' decision,

which "can serve as the basis for a procedural default of a petitioner's habeas claims."  Here, as

11

in *Stone,* the Ohio Court of Appeals' clear and express reliance on petitioner's failure to provide "sufficient reasons" for his delay in perfecting an appeal constitutes an adequate and independent ground for the state court's decision to deny the delayed appeal motion.[2]  Petitioner's failure to file a timely direct appeal, therefore, amounted to a procedural default of all his grounds for federal habeas relief.  *Cf. Stone,* 644 F.3d at 347–48.

Petitioner has failed to establish cause to excuse the procedural default of his claim. Petitioner indicates that he was acting as "an uneducated in law criminal defendant" during his trial.  (Doc. 10, PageID 159).  However, it is well settled that a petitioner's pro se status or ignorance of the law is insufficient to establish cause to excuse a procedural default.  *See, e.g.*, *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).  Additionally, for the reasons stated above, petitioner is also unable to rely on his claim that the trial court failed to advise him of his appellate rights as cause.

Finally, petitioner has not demonstrated that failure to consider the claims alleged in the petition will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent."  *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).  To establish a credible claim of actual innocence sufficient to overcome a procedural bar to review, the petitioner must "establish in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'"  *House v. Bell,* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327); *cf. Souter v. Jones,* 395 F.3d 577, 602 (6th Cir. 2005); *McSwain v. Davis,* 287 F. App'x 450, 458 (6th Cir. 2008).  The standard is "demanding and permits review only in the 'extraordinary' case."  *House,* 547 U.S. at 538 (quoting *Schlup,* 513

---

[2]  The Ohio Supreme Court's subsequent unexplained decision declining to accept jurisdiction over the appeal, must be presumed to rely upon the same procedural default.  *See Ylst,* 501 U.S. at 803-04.

U.S. at 327).  To be credible, a claim of actual innocence must be based on "new reliable evidence . . . that was not presented at trial."  *Id.* at 537 (quoting *Schlup*, 513 U.S. at 324); *see also Calderon v. Thompson,* 523 U.S. 538, 559 (1998).

Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard, as he has not supported his allegations of constitutional error with any new evidence of innocence.  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316. Therefore, petitioner has not demonstrated that his procedural default should be excused under the "fundamental miscarriage of justice" exception and the Court is unable to reach the merits of his constitutional claims.

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to habeas relief.  Having found that Grounds One, Two, and Four of the petition are without merit and Ground Three is procedurally defaulted and waived, the petition should be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2.  A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further."  *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)).  *See also* 28 U.S.C. § 2253(c); Fed.

R. App. P. 22(b).  In addition, a certificate of appealability should not issue with respect to the

claims alleged in the petition, which this Court has concluded are waived and thus procedurally

barred from review, because under the first prong of the applicable two-part standard enunciated

in *Slack,* 529 U.S. at 484-85, "jurists of reason" would not find it debatable whether this Court is

correct in its procedural ruling.

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,*

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

this Report and Recommendation would not be taken in "good faith," and, therefore, should

**DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See*

Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  4/4/16

Karen L. Litkovitz
United States Magistrate Judge

14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RAYMOND BECK,                                              Case No. 1:14-cv-786
      Petitioner,

                                       Beckwith, J.
      vs.                                                 Litkovitz, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.
                                 **NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).